PASSAIC COUNTY CIRCUIT COURT.

ABRAHAM APPEL, CLAIMANT, PLAINTIFF, v. PETER FLEUCHAUS, OWNER. AND BUILDER, ET AL., DEFENDANTS.

For the plaintiff, *Feder & Rinzler.*

For the defendants, *Samuel Rosenfeld.*

PORTER, J. This is an application on behalf of the defendant for a jury trial.

The action is on a mechanics' lien. It was duly referred by the court to a referee to take testimony and report. Report was made and confirmed, and then on application by defendant the matter was opened so that the defendant might submit certain proof before the referee. Further hearings were had and a new report by the referee made, to which objections were made by defendant and brief filed and arguments heard thereon.

On November 28th, 1928, an opinion was filed by this court confirming the report and reviewing the facts and findings.

The defendant now, at this late day, applies for a trial by jury. The original order of reference was dated December 1st, 1927. No reservation of a jury trial was made by either

party at that time. Under date of June 9th, 1928, such a reservation was filed on behalf of the plaintiff, and on December 3d, 1928, after the court's decision above mentioned, a reservation on behalf of the defendant was filed. Clearly both said reservations were out of time.

It also appears that in two orders of the court prepared on behalf of the defendant, a reservation is attempted to be made for a trial by jury for the defendant. The first order is dated March 5th, 1928, and the second April 3d, 1928.

They were an order to show cause and an order opening the judgment, so that the defendant might present some testimony before the referee, and were given for no other purpose. The clause in such orders, reserving the right to trial by jury, were not noticed by the court, nor was its attention called to same, and they were quite evidently put in by the attorney for the defendant in an attempt to cure his omission to file reservations in time. The orders can obviously have no such effect. It is to be noted that both orders bear dates after the report of the referee adverse to the claims of the defendants.

But the defendant does not rely on those orders but rather on his assertion that he orally objected to the court to the reference when same was first applied for, and did at that time orally reserve his right to trial by jury. There having been no record or minute to that effect, the application is that such a minute should now be made *nunc pro tunc*. Authority for this proposition is cited as *Harrington* v. *United States Express Co.*, 87 N. J. L. 154.

That case is not in point, because there it appeared that through inadvertence the minutes of the court omitted reference to a reservation which had been made. In the case at bar, assuming that counsel is accurate in his recollection that an oral reservation was made by him, still there was an utter neglect on his part to see that a minute was made of it and not an omission through inadvertence. Most of the many arguments of counsel in this matter were made to the court in chambers, without the presence of the clerk and not in open court. Thus making all the more necessary care on the

part of counsel to orderly and accurate practice. It seems to the court that no reservation of a trial by jury, either orally or in writing, was filed or mentioned, until after the referee's report was filed in favor of the plaintiff. The court has no recollection of any oral reservation, and had such been made, would doubtless have instructed counsel to file same in writing, according to the statute and practice.

Counsel has exhausted every means to secure relief for the defendant, and when all else fails, advances, for the first time, the argument of an oral reservation made over a year previously. It seems a trifle late to do so, and is asking much to expect an amendment to the court's minutes on an attorney's recollection of an oral statement made so long a period before.

The application is denied.